UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAPHAEL S. ABDUH-SALAM,<br><br>    Petitioner,<br><br>    v.<br><br>MIKE PATTERSON,<br><br>    Respondent. | Case No. 25-cv-09765-JSC<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Raphael S. Abduh-Salam, a California prisoner proceeding without attorney representation, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) For the reasons explained below, the petition is DISMISSED without prejudice for failure to exhaust his state court remedies.

## BACKGROUND

According to the petition, on October 4, 2024, Petitioner was sentenced in Santa Cruz County Superior Court to a term of 68 years to life in state prison for the following crimes: attempted murder, aggravated assault, discharging a firearm into an inhabited building, and possessing a firearm and ammunition as a felon. (*Id.* at 1-2.) Petitioner appealed his conviction to the California Court of Appeal, which affirmed the judgment in 2025.[1] (*Id.* at 2-3.) *See People v. Abduh-Salam*, No. H052600, 2025 WL 2701832, at *1 (Cal. Ct. App. Sept. 22, 2025). In response to a question asking whether he appealed his conviction to the California Supreme Court,

---

[1] According to the docket, the California Court of Appeal affirmed his conviction on September 22, 2025. *See* https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=6&doc_id=3113337&doc_no=H052600&request_token=NiIwLSEnTkg%2BW1BNSCJNVE1JQFQ7UCxbJiI%2BXzpTMCAgCg%3D%3D.

United States District Court
Northern District of California

1 Petitioner circled "NO." (*Id*. at 3.) In addition, Petitioner left blank the section in which the form
2 petition required him to provide information about "any proceeding other than an appeal" in which
3 he sought relief from his conviction. (*Id*. at 3.) Lastly, he indicates he had no "petition, appeal, or
4 other post-conviction proceeding" pending at the time he filed the instant petition. (*Id.* at 3-4.)

## STANDARD OF REVIEW

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id*. § 2243.

## DISCUSSION

"A discrete set of Rules governs federal habeas proceedings launched by state prisoners." *Mayle v. Felix*, 545 U.S. 644, 654 (2005) (citing Rules Governing Section 2254 Cases in the United States District Courts). "Rule 4 of the Rules Governing Section 2254 Cases authorizes a district court to summarily dismiss a habeas petition, before the respondent files an answer, '[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court.'" *Neiss v. Bludworth*, 114 F.4th 1038, 1044 (9th Cir. 2024). For example, a Rule 4 summary dismissal is warranted if the petition reveals state court remedies have not been exhausted as to any of the federal claims. *Id*. at 1045.

The petition plainly shows Petitioner may not proceed with his petition at this time because he has failed to exhaust his state court remedies. An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). The appropriate time to assess whether a petitioner has exhausted his state remedies is when the federal petition is filed,

2

and if the petitioner exhausts after filing, he can bring his claims in a subsequent petition. *Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999).

When Petitioner filed this petition, he had appealed his conviction to the California Court of Appeal, but he had not filed an appeal with the California Supreme Court as he circled "NO" when asked whether he had. (*Id*. at 2-3.) So, he had not presented the highest California court available with a fair opportunity to rule on the merits. Because the petition itself demonstrates Petitioner has not exhausted his state court remedies as required by section 2254, the Court must dismiss his petition. *See* R. 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."); *see also Neiss*, 114 F.4th at 1040–41 ("Rule 4 dismissal is required on procedural grounds, such as failure to exhaust.").

**CONCLUSION**

For the foregoing reasons, the petition is DISMISSED without prejudice to refiling after available state judicial remedies are exhausted. In light of this ruling, the November 20, 2025 Clerk's Notice (Dkt. No. 2) is VACATED.

The clerk shall enter judgment without prejudice and close the file.

**IT IS SO ORDERED.**

Dated: November 24, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

3